CASE UNSEALED PER ORDER OF COURT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2014 Grand Jury

| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>JULIAN GARCIA,<br><br>   Defendant. | Case No. **15 CR 2820 BAS**<br><br>**I N D I C T M E N T**<br><br>Title 18, U.S.C., Sec. 371 - Conspiracy to Commit Honest Services Mail Fraud, Mail Fraud and Violate Travel Act; Title 18, U.S.C., Secs. 1341 and 1346 - Honest Services Mail Fraud; Title 18, U.S.C., Sec. 1952(a)(1)(A) and (a)(3)(A) - Travel Act; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Sec. 981(a)(1)(C), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |

The grand jury charges:

## INTRODUCTORY ALLEGATIONS

At all times pertinent to this Indictment:

1. Defendant JULIAN GARCIA was a provider of durable medical equipment ("DME") licensed by the State of California to sell or rent such equipment to medical practitioners, including chiropractors.

2. Hot/cold packs, also known as hot/cold therapy units, are used to treat swelling and injuries and operate via a reservoir holding hot or cold water, which is continuously circulated through tubes and pads affixed to a patient's body.

VHC:CPH:FAS:(3)nlv:San Diego
11/5/15

3. Dr. A was a chiropractor licensed to practice in California, who operated three clinics specializing in chiropractic medicine.

4. Physicians, including medical doctors and chiropractors, owed a fiduciary duty to their patients, requiring physicians to act in their patients' best interests, and not for their own professional, pecuniary, or personal gain. Physicians owed a duty of honest services to their patients for decisions made relating to the care of those patients, including the informed choice as to whether to undergo ancillary medical procedures and, if so, an informed choice as to the providers of such ancillary medical procedures.

### CALIFORNIA WORKERS' COMPENSATION PROGRAM

5. The California Workers' Compensation System ("CWCS") requires that employers in California provide workers' compensation benefits to their employees for qualifying injuries sustained in the course of their employment. Under the CWCS, all claims for payments for services or benefits provided to the injured employee, including medical and legal fees, are billed directly to, and are paid by, the insurer. Most unpaid claims for payment are permitted to be filed as liens against the employee's workers' compensation claim, which accrue interest until paid in an amount ordered by the Workers' Compensation Appeals Board or an amount negotiated between the insurer and the service or benefits provider. The CWCS is regulated by the California Labor Code, the California Insurance Code, and the California Code of Regulations, and is administered by the California Department of Industrial Relations.

6. CWCS benefits are administered by the employer, an insurer, or a third party administrator. The CWCS requires claims administrators to authorize and pay for medical care, including DME,

2

1 | which is "reasonably required to cure or relieve the injured worker
2 | from the effects of his or her injury."

3 |     7.   California law, including but not limited to the California
4 | Business and Professions Code, the California Insurance Code, and the
5 | California Labor Code, prohibits the offering, delivering, soliciting,
6 | or receiving of anything of value in return for referring a patient
7 | for DME.

8 |
9 |

### Count 1
**CONSPIRACY TO COMMIT HONEST SERVICES MAIL FRAUD,**
**MAIL FRAUD AND VIOLATE THE TRAVEL ACT, 18 USC § 371**

10 |     8.   Paragraphs 1 through 7 of this Indictment are realleged and
11 | incorporated by reference.

12 |     9.   Beginning on a date unknown and continuing through at least
13 | August 2015, within the Southern District of California and elsewhere,
14 | defendant JULIAN GARCIA did knowingly and intentionally conspire with
15 | others known and unknown to:

16 |     a. commit Honest Services Mail Fraud, that is, knowingly and
17 | with the intent to defraud, devise and participate in a material
18 | scheme to defraud and to deprive patients of the intangible right to
19 | Dr. A's honest services, and cause mailings in furtherance of the
20 | scheme, in violation of Title 18, United States Code, Sections 1341
21 | and 1346.

22 |     b. commit Mail Fraud, that was, knowingly and with the intent
23 | to defraud, devise and participate in a material scheme to defraud,
24 | and to obtain money and property, by means of materially false and
25 | fraudulent pretenses, representations, promises, and omissions and
26 | concealments of material facts, and cause mailings in furtherance of

27 |
28 |

1 | the scheme, in violation of Title 18, United States Code,
2 | Section 1341; and

3 |       c. use and cause to be used facilities in interstate commerce
4 | with intent to promote, manage, establish, carry on, distribute the
5 | proceeds of, and facilitate the promotion, management, establishment,
6 | carrying on, and distribution of the proceeds of an unlawful activity,
7 | that is, bribery in violation of California Labor Code Sections 139.3,
8 | 139.32, and 3215, California Business and Professions Code Section
9 | 650, and California Insurance Code Section 750 and, thereafter, to
10 | promote and attempt to perform acts to promote, manage, establish,
11 | carry on, distribute the proceeds of, and facilitate the promotion,
12 | management, establishment, carrying on, and distribution of the
13 | proceeds of such unlawful activity, in violation of Title 18, United
14 | States Code, Section 1952(a)(1)(A) and (a)(3)(A).

15 | **FRAUDULENT PURPOSE**

16 |     10. It was the purpose of the conspiracy to fraudulently obtain
17 | money from CWCS insurers by submitting claims for DME that were
18 | secured through a pattern of bribes paid to Dr. A and those acting
19 | with him and on his behalf, in exchange for the referral of patients
20 | for DME to a particular provider, which was a violation of the Dr. A's
21 | fiduciary duty to his patients and which defendant JULIAN GARCIA knew
22 | to be unlawful under California law.

23 | **MANNER AND MEANS**

24 |     11. The conspirators, including defendant JULIAN GARCIA, used
25 | the following manner and means in pursuit of their fraudulent purpose:

26 |       a. Knowing that receiving a per-patient referral fee was
27 | unlawful, defendant JULIAN GARCIA offered to pay Dr. A and others to

28 |

4

refer workers' compensation patients to defendant JULIAN GARCIA and others for hot/cold packs.

      b.    Defendant JULIAN GARCIA and others provided $50 per workers' compensation patient referred to defendant JULIAN GARCIA and others for the purpose of providing hot/cold packs.

      c.    Defendant JULIAN GARCIA and others concealed the true nature of the financial relationship established to compensate Dr. A and others for the referral of workers' compensation patients, including paying kickbacks in cash and avoiding making contracts and records involving the payments.

      d.    Defendant JULIAN GARCIA and others obtained patient referrals for hot/cold packs in exchange for paying unlawful kickbacks, and then billed, or caused insurers to be billed, via mail for those hot/cold packs.

      e.    Defendant JULIAN GARCIA and others mailed or caused to be mailed hot/cold packs to patients procured through unlawful kickbacks, in order to bill insurers for those items.

      f.    Defendant JULIAN GARCIA and others generated and submitted claims to insurers totaling over $2.7 million dollars for providing hot/cold packs, which were fraudulently procured through unlawful kickback payments.

## OVERT ACTS

    12.  In furtherance of the conspiracy and in order to effect the objects thereof, defendant JULIAN GARCIA and others caused the commission of the following overt acts in the Southern District of California and elsewhere:

a.    On January 28, 2015, GARCIA sent a text message to Dr. A arranging a meeting for the same day to discuss the referral of patients to receive hot/cold packs in exchange for kickbacks.

b.    On January 28, 2015, GARCIA met Dr. A and offered to pay $50 for each patient referred for receipt of hot/cold packs.

c.    On March 18, 2015, GARCIA spoke with Dr. A via cellular telephone and discussed the status of hot/cold packs being shipped to patients referred to GARCIA in exchange for kickbacks.

d.    On March 25, 2015, GARCIA paid Dr. A $5,000 cash in kickbacks for patients referred to GARCIA for receipt of hot/cold packs.

e.    On April 6, 2015, GARCIA sent a text message to Dr. A requesting to meet on April 9, 2015 so GARCIA could provide Dr. A an additional kickback payment.

f.    On April 9, 2015, GARCIA gave Dr. A $5,000 cash in kickbacks for patients referred to GARCIA for receipt of hot/cold packs.

All in violation of Title 18, United States Code, Section 371.

### Counts 2-11
**HONEST SERVICES MAIL FRAUD, 18 U.S.C. §§ 1341, 1346 AND 2**

13.    Paragraphs 1 through 7 of this Indictment are realleged and incorporated by reference.

14.    Beginning on a date unknown and continuing through at least August 2015, within the Southern District of California and elsewhere, defendant JULIAN GARCIA knowingly and with the intent to defraud, devised a material scheme to defraud, that is, to deprive patients of their intangible right to Dr. A's honest services.

6

15. Paragraphs 10 through 12 of this Indictment are realleged and incorporated by reference as more fully describing the scheme to defraud, that is, to deprive patients of their intangible right to Dr. A's honest services.

16. On or about the dates below, within the Southern District of California and elsewhere, defendant JULIAN GARCIA and others, for the purpose of executing the aforesaid scheme, knowingly caused hot/cold packs to be placed in a post office and authorized depository for mail matters to be delivered by the United States Postal Service and by private commercial carrier:

| Count | Date | Patient Name |
|---|---|---|
| 2 | December 9, 2014 | A. N. |
| 3 | February 15, 2015 | J. S. |
| 4 | April 20, 2015 | M. C. |
| 5 | April 20, 2015 | R. E. |
| 6 | April 20, 2015 | S. G. |
| 7 | April 20, 2015 | R. M. |
| 8 | April 20, 2015 | R. N. |
| 9 | April 20, 2015 | C. A. |
| 10 | May 11, 2015 | J. A. |
| 11 | May 11, 2015 | A. C. |

All in violation of Title 18, United States Code, Sections 1341, 1346 and 2.

### Counts 12-14
### TRAVEL ACT
### 18 USC §§ 1952(a)(1)(A), (a)(3)(A) AND 2

17. The allegations contained in paragraphs 1 through 7 are realleged and incorporated by reference.

18. Beginning on date unknown and continuing through at least August 2015, within the Southern District of California and elsewhere, defendant JULIAN GARCIA knowingly used and caused to be used facilities in interstate commerce with intent to promote, manage,

7

establish, carry on, distribute the proceeds of, and facilitate the promotion, management, establishment, carrying on, and distribution of the proceeds of an unlawful activity, that is, bribery in violation of California Labor Code Sections 139.3, 139.32, and 3215, California Business and Professions Code Section 650, and California Insurance Code Section 750 and, thereafter, to promote and attempt to perform acts to promote, manage, establish, carry on, distribute the proceeds of, and facilitate the promotion, management, establishment, carrying on, and distribution of the proceeds of such unlawful activity as follows:

| Count | Date | Use of Facility in Interstate Commerce | Acts Performed Thereafter |
|---|---|---|---|
| 12 | January 28, 2015 | GARCIA sent a text message to Dr. A arranging a meeting to discuss the referral of patients to receive hot/cold packs in exchange for kickbacks. | On January 28, 2015, GARCIA met Dr. A and offered to pay $50 for each patient referred for receipt of hot/cold packs. |
| 13 | March 18, 2015 | GARCIA spoke with Dr. A via cellular telephone and discussed the status of hot/cold packs being shipped to patients referred to GARCIA in exchange for kickbacks. | On March 25, 2015, GARCIA paid Dr. A $5,000 cash as a kickback for patients referred to GARCIA for receipt of hot/cold packs. |
| 14 | April 6, 2015 | GARCIA sent a text message to Dr. A requesting to meet on April 9, 2015 so GARCIA could provide Dr. A an additional kickback payment. | On April 9, 2015, GARCIA gave Dr. A $5,000 cash in kickbacks for patients referred to GARCIA for receipt of hot/cold packs. |

All in violation of Title 18, United States Code, Sections 1952(a)(1)(A), (a)(3)(A) and 2.

//

//

8

**FORFEITURE ALLEGATION**

19.   Paragraphs 1 through 18 of this Indictment are realleged and incorporated as if fully set forth herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

20.   Upon conviction of the offense of Conspiracy as alleged in Count 1, Mail Fraud as alleged in Counts 2 through 11, and violations of the Travel Act as alleged in Counts 12 through 14, defendant JULIAN GARCIA shall forfeit to the United States all right, title, and interest in any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of such offenses, including a sum of money equal to the total amount of gross proceeds derived, directly or indirectly, from such offenses.

21.   If any of the above described forfeitable property, as a result of any act or omission of defendant JULIAN GARCIA: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty;

//

//

//

//

//

//

9

1   it is the intent of the United States, pursuant to Title 21, United

2   States Code, Section 853(p) and Title 18, United States Code,

3   Section 982(b), to seek forfeiture of any other property of defendant

4   JULIAN GARCIA up to the value of the forfeitable property described

5   above.

6   All pursuant to Title 18, United States Code, Section 981(a)(1)(C),

7   and Title 28, United States Code, Section 2461(c).

8           DATED:  November 5, 2015.

9                                           A TRUE BILL:

10

11                                          _____
                                            Foreperson

12

13   LAURA E. DUFFY
     United States Attorney

14

15   By:  _____
          VALERIE H. CHU

16        Assistant U.S. Attorney

17

18   By:  _____
          CAROLINE P. HAN

19        Assistant U.S. Attorney

20

21   By:  _____
          FRED A. SHEPPARD

22        Assistant U.S. Attorney

23

24

25

26

27

28