UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 15-cr-02820-BAS-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 89)** |
| JULIAN GARCIA, | |
| Defendant. | |

On February 21, 2019, the Court sentenced Defendant Julian Garcia to 33 months in custody. (ECF No. 77.) Mr. Garcia self-surrendered to begin serving this sentence on May 29, 2019. (ECF No. 84.) He now moves to reduce the sentence to time served because of the risks he faces due to COVID-19. (ECF No. 89 ("Defendant's Motion").) The Government opposes. (ECF No. 93 ("Government's Response").) For the reasons stated below, the Court **DENIES** Mr. Garcia's motion.

**I.    BACKGROUND**

"From approximately March 2012 to March 2014, Mr. Garcia managed the payments of unlawful kickbacks . . . to [chiropractor] Dr. Steven Rigler . . . in exchange for Dr. Rigler's referrals of patients." (ECF No. 40 ("PSR") ¶ 8.) "From approximately March 2014 to October 2014 . . . [he] manag[ed] unlawful per-patient kickback payments in exchange for referrals by chiropractor Dr. J.C." (PSR ¶ 10.) Beginning in October 2014,

Mr. Garcia became a provider of durable medical equipment ("DME") and offered doctors $50.00 per patient referred for his DME. (PSR ¶¶ 11–12.) Mr. Garcia generated $3.5 million dollars providing DME to patients referred by doctors because of Garcia's payment of kickbacks. (PSR ¶ 15.)

At the time he was interviewed by Probation, Mr. Garcia noted that he suffered from sleep apnea, but that, since he has lost weight, he has not needed to use a machine to sleep at night as often. (PSR ¶ 69.) He reported being otherwise healthy, a claim confirmed by review of his Bureau of Prison ("BOP") medical records. (PSR ¶ 71; Government's Response, Exh. 6.) In February 2020, Mr. Garcia was prescribed Triamcinole cream twice daily for 14 days for a skin rash. (*Id.*)

On May 5, 2020, Mr. Garcia tested positive for the coronavirus. (Government's Response, Exh. 6.) He displayed symptoms consistent with this diagnosis. (*Id.*) On May 16, 2020, he was retested and tested negative. (*Id.*) He is now listed as "COVID-19—recovered." (*Id.*) Nonetheless, Mr. Garcia claims he still experiences respiratory problems and headaches. (Defendant's Motion.) He states, "My lungs have not fully recovered and [I] have been scheduled for testing and a[n] x-ray of my chest by medical." (*Id.*) On July 30, 2020, Mr. Garcia was seen by medical staff for these complaints. His temperature was normal, and his heartbeat had a regular rate and rhythm. (Government' Response, Exh. 6.) He was then scheduled for chest x-rays and an EKG, all of which came back normal. (*Id.*) Mr. Garcia submitted a request to Lompoc staff asking for compassionate release on July 16, 2020. (Government's Response, Exh. 4.) There is no indication that Lompoc staff or the Warden responded to this request.

## II.     ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, modify or reduce a defendant's term of imprisonment, after he has exhausted his administrative remedies, if "considering the factors set forth in [18 U.S.C.] section 3553(a)," the court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission." *United States v. Ng Lap Seng*, __F. Supp. 3d__, 2020 WL 2301202, at *7 (S.D.N.Y. 2020). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Holden*, __ F. Supp. 3d__, 2020 WL 1673440, at *3 (D. Or. 2020).

### A. Exhaustion

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition, which is acted on by the Warden, and the petitioner proceeds to continue to fully exhaust his or her administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapse and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his or her administrative remedies.

Mr. Garcia appears to have satisfied the second route. He filed a request for compassionate release, which was not acted on for 30 days. Thus, Mr. Garcia has exhausted his administrative remedies.

### B. Extraordinary and Compelling Reasons

Mr. Garcia argues that he has demonstrated "extraordinary and compelling reasons" for his release, because Lompoc has been severely affected by COVID-19, he is still experiencing symptoms from his bout with the virus, and "a second wave of COVID-19 can pose a serious risk to my health or prove fatal." Although it is true that Lompoc has been severely hit with COVID-19 cases, Mr. Garcia fails to provide any evidence that contracting the virus would lead to a serious risk to his health or prove fatal. There is no evidence that he has any of the pre-existing conditions that would make COVID-19 particularly dangerous, and, in fact, he appears to have recovered from the virus without severe consequences. Mr. Garcia's claim that his use of Triamcinole cream causes him to have an immune system deficiency is not supported by any medical support, nor do the medical records support his claim, since they reflect that he was prescribed the cream for 14 days back in February. (Government's Response, Exh. 6.)

### III. CONCLUSION

Because Mr. Garcia has failed to show that "extraordinary and compelling reasons" justify his request for immediate release, the Court **DENIES** Mr. Garcia's Motion to Reduce Sentence (ECF No. 89).

**IT IS SO ORDERED.**

DATED: September 29, 2020

Hon. Cynthia Bashant
United States District Judge